**DAVIS, Bailiff, Etc, v**
**FIRST-CENTRAL TRUST CO**

Ohio Appeals, 9th Dist, Summit Co

No 2107. Decided April 25, 1933

W. S. Hutchison, Akron, and J. C. Maytnier, Kenmore, for plaintiff in error.

Brouse, Englebeck, McDowell, May & Bierce, Akron, for defendant in error.

## OPINION

By FUNK, J.

Sec 12052 GC provides that an order for the delivery of the property to the plaintiff shall be issued when there is filed in the office of the clerk an affidavit of the plaintiff, his agent or attorney, showing certain facts; among which are, that the property sought to be replevined—

"was not taken on process issued against the plaintiff, and is not claimed by him under a title acquired mediately or immediately by transfer from one from whom such property was taken by execution, order, or other process, nor for a tax," etc.

While the affidavit contained such statement, the petition filed with the affidavit shows that plaintiff claimed ownership in said automobile by reason of said chattel mortgage, executed and delivered to plaintiff by said Ayers Sales & Service Co., the conditions of which had become absolute, and at the trial plaintiff not only failed to prove the truth of the above statement in the affidavit, but admitted that it had acquired title to said automobile by transfer, by virtue of said chattel mortgage, from said Ayers Sales & Service Co., which was the "person" from whom the bailiff had taken it on execution; and for that reason the court found that plaintiff was not entitled to prevail and made no finding for damages for defendant because none were claimed. In other words, the court found that the writ of replevin was wrongfully obtained because one of the essential elements in the affidavit was not true, and plaintiff was therefore not entitled to said writ. Such finding, of course, left the right of possession in the bailiff by virtue of the execution, but it did not determine the right of property—that is, the priority of liens as between the parties.

It certainly would not be claimed that the court could not or should not inquire into the truthfulness of the facts stated in the affidavit, or that it is not necessary that their truthfulness be proven.

Sec 12056 GC provides what the condition of the bond shall be, which is to return the property taken or pay the value assessed, at the election of defendant, and to pay the damages assessed for its taking, etc., and costs of suit.

Sec 12069 GC provides that when the jury (which in this case would be the court, as a jury was waived) finds for defendant—

"they also shall find whether he had the right of property, or the right of possession only, at the commencement of the suit. If they find either in his favor, they shall assess to him such damages as they think are proper, for which, with costs of suit, the court shall render judgment in his favor."

Counsel for defendant contend that—

"A reasonable interpretation of these two sections makes it mandatory in the trial of a replevin action if the verdict be for the defendant to assess the damages in favor of the defendant and give the defendant the opportunity to elect whether he will demand the return of the property or accept the damages assessed,"

and that the trial court therefore erred in failing to assess the amount of his damages or order the automobile returned to him.

Counsel for defendant further contend that, defendant being an officer in the possession of the automobile by virtue of an execution—

" 'the rule of damages is the amount of the execution, with interest, and the costs thereon,' if the value of the property is greater than the amount of the execution, 'but if the value of the property be less than the amount of the execution, then the rule of damages is the full value of the property'."—

as was announced in the case of **Jennings v Johnson et, 17 Ohio 154,** and that this rule is still the recognized measure of damages.

It will be observed that the Jennings case was determined upon the right of property, while the instant case was determined upon the question of the writ being wrongfully issued because the conceded facts did not support an essential allegation of the affidavit.

The finding of the court that plaintiff was not entitled, under the conceded facts, to a writ of replevin, left the court without jurisdiction in the instant case to deter-

mine the right of property as between the parties, or even the right of possession, upon any ground other than that the plaintiff was not entitled to maintain an action in replevin, which was in effect saying that plaintiff's remedy, if it had any, was in some action or proceeding other than replevin.

Furthermore, the rule is well established in this state that a judgment creditor does not stand in the position of an innocent purchaser for value, and that such creditor gets only such interest as the judgment debtor has in the property.

5 Oh St, 78, Tousley v Tousley.

124 Oh St 34, Guar. & F. Co. v Motor Car Co.

23 Oh Ap 50, Miller v Scott, (2 Abs 330; 21 OLR 593).

It being conceded that plaintiff had a chattel mortgage, duly executed and filed in good faith, prior to the levy of the execution, and that the amount of the mortgage was the full value of the property levied upon, under the above stated rule the mere possession under such circumstances was worth nothing to the defendant on his execution, especially in the absence of a showing that the Ayers Sales & Service Co. had an equity in the property over and above the chattel mortgage. Hence, as the bailiff could only levy on said automobile subject to the chattel mortgage, which would leave the lien of the mortgage upon the automobile, undisturbed by the levy, and with the admitted fact that the value of the property was the same as the amount of the mortgage, it is quite clear that the levy bound no substantial interest in the automobile and that the defendant lost substantially nothing, and that it would not be right or proper to compel the plaintiff to pay for something which defendant did not and could not bind by the levy.

14 Oh St 187, Coe v Peacock.

We therefore hold that defendant's damage was merely nominal, and as the statute provides that the jury (in this case the court) shall assess "such damages as they think are proper," we find no prejudicial error in the trial court's failing to assess the amount of damage, especially since none were asked by defendant.

Judgment affirmed.

SHERICK, J (5th Dist., sitting by designation in place of Washburn, PJ) and STEVENS, J, concur in judgment.